535 A.2d 680

City of Pittsburgh, a municipal corporation, and Richard S. Caliguiri, an individual and Mayor, City of Pittsburgh, Petitioners *v.* Commonwealth of Pennsylvania, Richard L. Thornburgh, Governor, Commonwealth of Pennsylvania, and James I. Scheiner, Secretary of Revenue, Commonwealth of Pennsylvania, Respondents.

Argued October 7, 1987, before President Judge CRUMLISH, JR., Judges MACPHAIL, DOYLE, COLINS and PALLADINO.

*D. R. Pellegrini,* City Solicitor, with him, *George R. Specter,* Deputy City Solicitor, for petitioners.

*D. P. Minahan,* Deputy Attorney General, with him, *Susan J. Forney,* Senior Deputy Attorney General, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, December 24, 1987:

Petitioners seek injunctive and declaratory judgment relief in our original jurisdiction[1] requesting that we declare unconstitutional Section 14 of The Local Tax Enabling Act (LTEA), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6914[2] and Section 302(a)(7)

---

[1] 42 Pa. C. S. §761(a)(1).

[2] Section 14 of the LTEA provides that political subdivisions which have enacted an earned income tax, must grant a credit on account of tax liability to non-residents working in the political

of the Home Rule Charter and Optional Plans Law (HRC Act), Act of April 13, 1972, P.L. 184, *as amended*, 53 P.S. §1-303(a)(7)[3] and that we enjoin the Commonwealth acting through the Governor and the Secretary of Revenue from the enforcement of those laws.

Respondents have filed preliminary objections, Petitioners have filed an application for summary relief and Respondents have filed a motion to strike the affidavits attached to Petitioners' application. All three of these matters are now before us for disposition.

From Petitioners' petition for review, we ascertain that the City of Pittsburgh (City) is a home rule charter municipality; that it has enacted an ordinance pursuant to the provisions of LTEA imposing a 1% tax on the salaries, wages, commissions and other compensation earned by residents of the City, on the salaries, wages, commissions and other compensation earned by non-residents for work done or services performed or rendered in the City, and on net profits earned from businesses, professions and other activities conducted in the City by non-residents; that it has, pursuant to its home rule powers, enacted an ordinance which imposes a 1.125% tax on the salaries, wages, commissions and other compensation earned by residents of the City, and on the net profits earned from businesses, professions or other activities conducted by residents of the City; and that approximately 57% of the City's daily work force is comprised of commuting non-residents who pay an earned income tax in the municipality where they reside.

---

subdivisions who have paid a like tax to the political subdivisions where they reside.

[3] Section 302(a)(7) of the HRC Act prohibits a home rule charter municipality from fixing the rates of non-property or personal taxes levied upon non-residents.

The gravamen of the petition for review is that the City's residents bear a constitutionally unfair tax burden by reason of the statutory provisions hereinbefore noted. In particular, Petitioners aver that the LTEA violates the uniformity clause of the Pennsylvania Constitution,[4] that the HRC Act violates 42 U.S.C. §1983, the Equal Protection Clause of the United States Constitution[5] and Sections 1 and 2 of Article IX of the Pennsylvania Constitution and that both statutes violate 42 U.S.C. §§3601-3631 (Fair Housing Law).

Respondents' preliminary objections consist of (1) a demurrer stating that the City is barred from invoking either federal or state constitutional protections against the Commonwealth (2) a demurrer stating that the City lacks standing to assert the constitutional rights of its residents (3) a demurrer stating that the Governor and Secretary are not proper parties and (4) a demurrer stating that the statutory classifications set forth in the challenged statutes bear a rational relationship to legitimate distinctions between the classes identified in Petitioners' petition for review.[6]

This Court has held that inasmuch as a municipality is merely a creature of the sovereign created for the purpose of carrying out local government functions, the municipality has no standing to assert the claims of its citizens against the Commonwealth. *Snelling v. Department of Transportation*, 27 Pa. Commonwealth Ct. 276,

---

[4] Pa. Const. art. VIII, §1.

[5] U.S. Const. amend. XIV.

[6] In their brief, Respondents also argue that Petitioners' petition for review fails to state a cause of action under Article IX, Sections 1 and 2 of the Pennsylvania Constitution. Respondents acknowledge that this objection was not included in their preliminary objections but urge that in the interest of judicial economy, we should address the objection now. We decline to do so inasmuch as Petitioners have not addressed the issue, believing it to be improperly and prematurely raised.

366 A.2d 1298 (1976). Here, the thrust of the petition for review is that the citizens of Pittsburgh are being disadvantaged by the allegedly unfair and discriminatory provisions of the challenged statutes. There is no allegation that the City's local government functions have been adversely affected by the allegedly unequal tax structure. *See Strasburg Associates v. Newlin Township*, 52 Pa. Commonwealth Ct. 514, 415 A.2d 1014 (1980). We conclude that the City's cause of action against the Commonwealth is barred and the Respondents' demurrer in that regard must be sustained.

In *Leonard v. Thornburgh*, 78 Pa. Commonwealth Ct. 216, 467 A.2d 104 (1983) *(Leonard I)*, individual taxpayers in the City of Philadelphia challenged the constitutionality of Section 359(b) of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7359(b) which resulted in the enactment of a City ordinance imposing a wage tax rate of 4 96/100% for residents of the City and 4 5/16% for non-residents. In the *Leonard I* case, our Court was confronted with preliminary objections similar to those now before us, asserting that neither the Governor nor the Secretary of Revenue was a proper party in that suit. We sustained the preliminary objection as to the Governor, holding that since the Secretary of Revenue would represent the interest of the executive in the litigation, it would be "efficient and expeditious" to remove the Governor from the suit. We, however, did hold that the Secretary was a proper party to the suit because the Department of Revenue was charged under Section 354 of the Code with the administration and enforcement of Article III of the Code *and* for the collection of taxes imposed thereby.[7]

---

[7] Judge BARRY, in a dissent, would have sustained the preliminary objections as to both officers on the ground that the Attorney General's authority to participate in any case wherein the constitutionality of the statute is at issue (*see* Pa. R.C.P. No. 235) would adequately protect the "executive interest" of the Commonwealth.

The following year, in *Leonard v. Thornburgh,* 83 Pa. Commonwealth Ct. 1, 477 A.2d 577 (1984) *(Leonard II),* we held Section 359(b) of the Code to be unconstitutional. When the *Leonard II* case was appealed to our Supreme Court, that Court reversed our decision with respect to the constitutional challenge. *Leonard v. Thornburgh,* 507 Pa. 317, 489 A.2d 1349 (1985). The majority opinion, in a footnote, stated that in view of its disposition of the constitutional issue, it was not necessary to address the Secretary's argument that he was not a proper party. Justice ZAPPALA joined by Justice HUTCHINSON, now Judge of the Third Circuit Court of Appeals, in a concurring opinion, wrote that they would have upheld the Secretary's contention that he was not a proper party.

It is necessary, we believe, to compare the status of the Governor and the Secretary in the case *sub judice* with that of the Governor and the Secretary in the *Leonard* cases. Section 359(b) of the Code is, of course, a part of the Code in which the Department of Revenue is charged to administer and enforce and to collect the taxes "imposed by this Article." *See* Section 354 of the Code. Neither the LTEA nor the HRC Act is part of the Code. The Department of Revenue is not charged with the enforcement, administration and collection of taxes under the LTEA; neither has it any duty to enforce, administer or collect taxes imposed by a municipality under the HRC Act. Therefore, since we are not here concerned with a state taxing statute, *see Leonard I,* 78 Pa. Commonwealth Ct. at 218 n. 2, 467 A.2d at 105 n. 2, we do not believe that either the Governor or the Secretary has any duty or obligation to enforce or defend a statutory limitation on the City's taxing authority. This is properly a province of the Attorney General. We will sustain the demurrer of the Governor and Secretary on the ground that they are not proper parties to this suit.

We thus far have held that in this action, the City may not sue the Commonwealth and that the Governor and the Secretary must be eliminated as parties. There remains the action of the Honorable Richard S. Caliguiri as Mayor and as an individual resident of the City against the Commonwealth. Here, we must address the issue of whether the petition for review states a cause of action upon which relief can be granted. Respondents argue that the constitutional challenges set forth in the petition for review cannot be sustained. In effect, Respondents want us to declare at this point in the proceeding that the challenged statutory provisions are constitutional.

In *Leonard II,* our Court decided the constitutional issue on cross-motions for summary judgment. Here, Petitioners have filed an application for summary relief pursuant to Pa. R.A.P. 1532(b) averring that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. Since Respondents have not challenged Mayor Caliguiri's standing to bring this suit, we must rule upon *his* application for summary relief as well as the Commonwealth's demurrer.

Attached to Petitioners' brief are affidavits in support of the application. Respondents have moved to strike those affidavits, asserting that the filing of the affidavits has converted the application into a motion for summary judgment which is premature, the pleadings not having been closed. *See* Pa. R.C.P. No. 1035. We disagree. In the analysis of Pa. R.A.P. 1532(b) in 1 Darlington, McKeon, Schuckers and Brown, Pennsylvania Appellate Practice at 373 (1986) it is stated that the rule is a generalization of Pa. R.C.P. No. 1098 which authorizes peremptory judgments, but *differs* from Pa. R.C.P. No. 1035 in that it permits judgment to be entered *prior* to the time when the pleadings are closed.

We do believe, however, that filing the affidavits with a *brief* after expedited argument has been granted at Petitioners' request, does not afford Respondents adequate opportunity to file cross-affidavits disputing any issues of fact set forth in Petitioners' affidavits. We, therefore, will grant Respondents' motion to strike.

It is apparent to us, however, that with or without affidavits, there really is not any issue of material fact in the matter now before us. There remains the issue of whether Petitioner[8] has clearly shown at this point of the proceedings that he is entitled to relief as a matter of law. Petitioner recognizes that our Supreme Court's decision in *Leonard v. Thornburgh,* is an obstacle to the entry of judgment but seeks to distinguish that case from the one now at issue. In the Supreme Court decision, the Court held that the differential in the wage tax "cap" was not constitutionally invalid under either the Equal Protection or Uniformity Clauses of the Pennsylvania and United States Constitutions. Citing *Columbia Gas Corp. v. Commonwealth,* 468 Pa. 145, 360 A.2d 592 (1976), the Court said that judicial review must be focused upon "whether there can be discerned 'some concrete justification' for treating the relevant group of taxpayers as members of distinguishable classes subject to different tax burdens." *Leonard v. Thornburgh,* 507 Pa. at 321, 489 A.2d at 1352. The Court found such justification in two respects: (1) residents and non-residents are not similarly situated with respect to their needs for services provided by the City of Philadelphia and (2) residents have recourse through the election process to protest excessive tax rates, but non-residents do not.

Petitioner insists that this is a case where the differential tax treatment is based solely upon residence and

---

[8] Mayor Caliguiri.

that such classification is clearly unconstitutional. *Danyluk v. Johnstown*, 406 Pa. 427, 178 A.2d 609 (1962). Petitioner points out that here non-residents pay *no* tax to the City of Pittsburgh, whereas in Philadelphia, the non-residents paid *some* tax. With respect to this argument, we note that the Supreme Court in *Leonard* did say that there was a reasonable and concrete justification for taxing residents and non-residents "at different rates." We, however, also note that the bases the Supreme Court used to justify the differential in *Leonard* are equally applicable here. Non-residents do not use the City's facilities to the same extent as residents; neither do they have the privilege of voting on taxes levied by the City.

In addition, we point out that under Section 14 of the LTEA, the non-residents are merely credited with any tax they may have paid to another political subdivision. In this respect, non-residents and residents are paying the same tax notwithstanding the fact that the City may not receive the full benefit of the non-residents' tax.

In light of the fact that we believe that our Supreme Court's decision in *Leonard* is controlling here, we must conclude that the Petitioner's application for special relief must be denied inasmuch as he has not satisfied us that he is entitled to such relief as a matter of law.

#### ORDER

The Respondents' preliminary objections are sustained. The City of Pittsburgh is removed as a Petitioner. The Governor of the Commonwealth of Pennsylvania and the Secretary of Revenue are removed from the case.

Respondents' motion to strike is sustained.

The application for summary relief of Petitioner Richard S. Caliguiri is denied.

Leave is granted to the Commonwealth to file an answer to the petition for review within thirty days of the date of this order with respect to Petitioner's constitutional challenge asserted under the provisions of Article IX, Sections 1 and 2 of the Constitution of Pennsylvania.

Judge COLINS concurs in the result only.

Judge CRAIG and Judge BARRY did not participate in this decision.