**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| IN RE: PETITION FOR ENFORCEMENT OF SUBPOENAS ISSUED BY THE HEARING EXAMINER IN A PROCEEDING BEFORE THE BOARD OF MEDICINE | : | No. 35 EAP 2016 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court entered on |
| | : | September 1, 2016, at No. 373 M.D. |
| | : | 2016, granting the Petition to Enforce |
| | : | Subpoenas. |
| APPEAL OF: M.R. | : | |
| | : | ARGUED: December 5, 2018 |

**OPINION**

**JUSTICE WECHT**                    **DECIDED: August 20, 2019**

In this direct appeal, we are asked to consider the enforceability of a series of subpoenas obtained by a physician for testimony and treatment records relating to other providers' care of the physician's former patient, as well as related questions regarding the scope and applicability of numerous statutes that protect a patient's medical information. The Commonwealth Court granted the physician's petition to enforce the subpoenas. Because we conclude that the Commonwealth Court lacked subject matter jurisdiction to decide the issue, we must vacate that court's order.

Our disposition requires only a brief summary of the factual background. Sarah G. DeMichele, M.D., is a board-certified psychiatrist licensed to practice medicine in Pennsylvania. From August 2011 through February 2013, Dr. DeMichele provided psychiatric care to M.R. Throughout her time under Dr. DeMichele's care, M.R. struggled with suicidal ideations and engaged in a pattern of self-harming behavior, which she discussed regularly with Dr. DeMichele. In December 2012, M.R.'s self-inflicted injuries

necessitated emergency medical treatment. M.R. ultimately was transferred to the Trauma Disorders Program at Sheppard Pratt Health System ("Sheppard Pratt") in Baltimore, Maryland. At Sheppard Pratt, M.R. was treated by psychiatrist Richard Loewenstein, M.D., and psychologist Catherine Fine, Ph.D. During the course of his treatment of M.R., Dr. Loewenstein obtained M.R.'s medical records from Dr. DeMichele. On March 31, 2014, Dr. Loewenstein submitted a complaint to the Professional Compliance Office of Pennsylvania's State Board of Medicine ("Board"), in which he alleged that Dr. DeMichele's care of M.R. was professionally deficient. Dr. Loewenstein's complaint prompted an investigation and, ultimately, the initiation of disciplinary proceedings against Dr. DeMichele.

On September 24, 2015, the Pennsylvania Department of State's Bureau of Professional and Occupational Affairs ("Bureau") filed an order directing Dr. DeMichele to show cause as to why the Board should not suspend, revoke, or restrict her medical license, or impose a civil penalty or the costs of investigation. Dr. DeMichele filed a counseled response to the order, denying the allegations and requesting a hearing before a hearing examiner.[1] A hearing on the disciplinary proceeding was scheduled for June 15, 2016.

---

[1] *See* 63 P.S. § 2203(a) ("Notwithstanding any other provision of law, the Commissioner of the Bureau of Professional and Occupational Affairs, after consultation with the licensing boards and commissions, shall appoint such hearing examiners as may be necessary to conduct hearings in disciplinary matters before a licensing board or commission. Each licensing board and commission shall have the power to decide if a specific disciplinary matter or type of disciplinary matter is to be heard by the licensing board or commission itself or by a hearing examiner appointed pursuant to this subsection."); 49 Pa. Code § 16.51 ("Hearing examiners are appointed by the Governor's Office of General Counsel to hear matters before the Board. Unless otherwise ordered by the Board, disciplinary matters shall be heard by a hearing examiner.").

In advance of the hearing, Dr. DeMichele requested that the hearing examiner issue subpoenas for the testimony of M.R. and the medical records of Dr. Loewenstein, Dr. Fine, Sheppard Pratt, and M.R.'s former treating psychologist, April Westfall, Ph.D. Relying upon the authority provided under 63 P.S. § 2203(c),[2] the hearing examiner issued the requested subpoenas. However, when served with the subpoenas, all of M.R.'s treatment providers refused to release their records absent a court order or M.R.'s authorization. M.R. subsequently refused to authorize the release of her records.

On June 9, 2016, Dr. DeMichele filed with the hearing examiner a motion to dismiss the disciplinary action or, in the alternative, to grant a continuance of the proceeding in order to allow her to apply to the Commonwealth Court for an order compelling compliance with the subpoenas. On June 10, 2016, the hearing examiner denied Dr. DeMichele's motion to dismiss, but granted a continuance so that Dr. DeMichele could commence an action to enforce the subpoenas.

On July 1, 2016, Dr. DeMichele filed a Petition to Enforce Subpoenas ("Petition") in the Commonwealth Court, asking that court to order M.R., Sheppard Pratt, and Drs. Loewenstein, Fine, and Westfall to comply with the subpoenas. Dr. DeMichele did not specify whether she commenced the action in the Commonwealth Court's original or appellate jurisdiction. *See* 42 Pa.C.S. §§ 761 (original jurisdiction); 763 (direct appeals from government agencies). Dr. DeMichele's Petition did not name any party, but she

---

[2]     Subsection 2203(c) provides:

> Such hearing examiners shall have the power to conduct hearings in accordance with applicable statutes, rules and regulations, to issue subpoenas requiring the attendance and testimony of individuals or the production of pertinent records or other papers by persons whom they believe have information relevant to any matters pending before the examiner and to issue decisions.

63 P.S. § 2203(c).

served the Petition on the Board and the Bureau (collectively, the "Commonwealth"). Dr. DeMichele did not serve the Petition upon M.R. or the treatment providers against whom she sought enforcement of the subpoenas. However, upon receiving a courtesy copy of the Petition, M.R. retained counsel and sought to intervene in the enforcement action.

The Commonwealth Court held a hearing on September 1, 2016, following which the court granted Dr. DeMichele's Petition and ordered that each subpoena be enforced. After the Commonwealth Court denied her motion for reconsideration, M.R. filed a notice of appeal to this Court. On appeal, M.R. argued for the first time that the Commonwealth Court lacked subject matter jurisdiction to entertain Dr. DeMichele's Petition.[3] On August 22, 2017, this Court directed the Commonwealth Court to prepare an opinion addressing M.R.'s allegations of error, including the jurisdictional challenge.

On April 26, 2018, the Commonwealth Court issued an opinion addressing M.R.'s claims. *In re Petition for Enf't of Subpoenas Issued by the Hearing Exam'r in a Proceeding before the Bd. of Med.*, 373 M.D. 2016 (Pa. Cmwlth. Apr. 26, 2018) (unpublished) (hereinafter, "Commonwealth Court Opinion"). Concerning subject matter jurisdiction, the Commonwealth Court reasoned that it exercised original jurisdiction over Dr. DeMichele's Petition. The Commonwealth Court first appeared to invoke Subsection 761(a)(4) of its original jurisdiction statute, which establishes the Commonwealth Court's jurisdiction over any civil action or proceeding, "[o]riginal jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted." 42 Pa.C.S. § 761(a)(4). That subsequently enacted statute, the Commonwealth Court reasoned, was the Medical

---

[3]     Although M.R. did not raise the issue of subject matter jurisdiction before the Commonwealth Court, an "objection to lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court [o]n its own motion." *Commonwealth v. Little*, 314 A.2d 270, 272 (Pa. 1974).

Practice Act of 1985 ("MPA"),[4] one provision of which authorizes the *Board* to "apply to Commonwealth Court to enforce its subpoenas." 63 P.S. § 422.9(c). The Commonwealth Court recognized that the "instant proceeding differs in nature" from one that typically would fall under 63 P.S. § 422.9(c) "because the Board did not initiate the action." Commonwealth Court Opinion at 11. The Commonwealth Court did not resolve the apparent inconsistency with the language of the MPA, instead offering, seemingly in the alternative, different bases for its exercise of original jurisdiction.

The Commonwealth Court reasoned that subpoena enforcement actions are "proceedings '[b]y the Commonwealth government,' as described in Section 761(a)(2) of the Judicial Code." *Id.* (quoting 42 Pa.C.S. § 761(a)(2)). The court quoted this Court's decision in *Pennsylvania Human Relations Commission v. Lansdowne Swim Club*, 526 A.2d 758 (Pa. 1987), wherein we stated that, "[i]n a subpoena enforcement proceeding, the action is brought by an agency of the Commonwealth and Commonwealth Court's jurisdiction is original and concurrent with the courts of common pleas." Commonwealth Court Opinion at 11 (quoting *Lansdowne*, 526 A.2d at 760). Thus, the Commonwealth Court suggested that the action was brought "[b]y the Commonwealth government," establishing jurisdiction under 42 Pa.C.S. § 761(a)(2).

The court next invoked Subsection 761(a)(1) of its original jurisdiction statute, which provides that the Commonwealth Court shall have original jurisdiction over civil actions brought "[a]gainst the Commonwealth government." 42 Pa.C.S. § 761(a)(1). With regard to Subsection 761(a)(1), the court reasoned:

> Dr. DeMichele filed the Petition with this court to which the Commonwealth filed an answer and alleged new matter, asserting that the subpoenaed records were protected by privilege and statutory confidentiality provisions. Two Commonwealth attorneys entered their appearances to oppose the Petition. Thereafter, the Commonwealth appeared at argument before this

---

[4] 63 P.S. §§ 422.1-422.51a.

court in opposition to Dr. DeMichele's Petition. M.R. appeared at the hearing based upon her application and fully participated. For these reasons, the court had subject matter jurisdiction over Dr. DeMichele's Petition against the Commonwealth.

Commonwealth Court Opinion at 12 (capitalization modified; footnotes omitted).

Case law has long established that, in order for the Commonwealth Court to exercise original jurisdiction under 42 Pa.C.S. § 761(a)(1), the Commonwealth must be an indispensable party to the action. *See, e.g.*, *Annenberg v. Commonwealth*, 686 A.2d 1380, 1384 (Pa. Cmwlth. 1996) ("[T]he Commonwealth must be an indispensable party to the action for Section 761(a)(1) to apply."); *see also CRY, Inc. v. Mill Serv. Inc.*, 640 A.2d 372, 377-78 (Pa. 1994)). In a footnote, the Commonwealth Court briefly addressed M.R.'s contention that the Commonwealth was not an indispensable party to Dr. DeMichele's action. Because the Board and Bureau were the only entities that Dr. DeMichele served with her Petition, the Commonwealth Court reasoned that "the Commonwealth was not one of several defendants, it was the only defendant." Commonwealth Court Opinion at 12-13 n.15. The court did not further address the standard by which a party is determined to be indispensable to an action.

Following receipt of the Commonwealth Court's opinion, we granted the parties the opportunity to file supplemental briefs addressing, *inter alia*, the Commonwealth Court's finding of subject matter jurisdiction.[5] M.R. contends that Dr. DeMichele's Petition cannot

---

[5] We further requested briefing from the Board regarding the question of subject matter jurisdiction, and requested that the Board address "the procedure by which discovery subpoenas issued at the request of a private individual in medical disciplinary cases are typically enforced." Order, 7/18/2018. On behalf of the Board, the Prosecution Division of the Department of State submitted a brief responsive to this Court's order. Regarding subject matter jurisdiction, the Board offers a construction of the applicable jurisdictional statutes consistent with the interpretation that we provide in this Opinion. With regard to the "typical" procedure, the Board states that, "[a]fter reasonable investigation, the Board is not aware of a prior case where a private individual or entity has sought enforcement of a hearing subpoena issued by the board, any other board or

be construed as commencing an action "[a]gainst the Commonwealth government," 42 Pa.C.S. § 761(a)(1), because Dr. DeMichele "sought no judicial relief of any kind against the Board or the Bureau." Supplemental Brief for M.R. at 4. Rather, M.R. argues, "the Petition merely recited various arguments as to why [Dr.] DeMichele, a private party, should be granted an order compelling enforcement of five subpoenas that sought documents and/or testimony from the five private respondents." *Id.* at 4-5.

M.R. argues that neither the Board nor the Bureau qualify as indispensable parties to this matter. Supplemental Brief for M.R. at 5 (citing *Pa. State Educ. Ass'n ex rel. Wilson v. Commonwealth, Dept. of Cmty. and Econ. Dev.*, 50 A.3d 1263, 1277 (Pa. 2012) (hereinafter, "*PSEA*"); *CRY,* 640 A.2d at 377-78). M.R. reiterates that Dr. DeMichele sought enforcement of the subpoenas against private parties, and that neither the Board nor the Bureau were in possession of any of the materials implicated in the subpoenas. M.R. characterizes the Board and the Bureau as "mere observers" of the action, not indispensable parties thereto. *Id.* at 5.

M.R. further disputes the Commonwealth Court's reliance upon our decision in *Lansdowne*, contending that *Lansdowne* does not control this matter because, therein, the subpoena enforcement proceeding was brought by the Pennsylvania Human Rights Commission—an agency of the Commonwealth. Here, M.R. reiterates, a private party commenced the subpoena enforcement proceeding. M.R. argues that the Commonwealth Court erred in relying upon this Court's statement that, "[i]n a subpoena enforcement proceeding, the action is brought by an agency of the Commonwealth . . . ." *Lansdowne,* 526 A.2d at 760. M.R. asserts that this was "not a statement intended to

_____

commission in the Bureau . . . or a hearing examiner." Brief of Prosecution Division of the Department of State, Commonwealth of Pennsylvania, on behalf of the State Board of Medicine, at 7. Absent a statutory basis for jurisdiction in the Commonwealth Court, the Board argues that such enforcement proceedings fall within the general jurisdiction of the Courts of Common Pleas. *Id.* at 13 (citing 42 Pa.C.S. § 931(a)).

convert subpoena enforcement actions commenced by one private individual against another into original jurisdiction cases lying in the Commonwealth Court." Supplemental Brief for M.R. at 7. Rather, M.R. continues, the "quoted language merely addressed the facts before the Court, which involved a subpoena enforcement action commenced by a Commonwealth agency." *Id.*

In her initial brief, Dr. DeMichele contended that her Petition implicated the Commonwealth Court's *appellate* jurisdiction, as an appeal from a final order of an administrative agency under 42 Pa.C.S. § 763(a). Brief for Dr. DeMichele at 20-22. However, following the Commonwealth Court's issuance of its opinion, Dr. DeMichele now takes the position that original jurisdiction lay in the Commonwealth Court pursuant to 42 Pa.C.S. § 761(a)(1), because her action was against the Commonwealth and the Commonwealth was an indispensable party. Dr. DeMichele contends that the subpoena enforcement proceeding affects the Commonwealth's substantive rights not only in the underlying disciplinary proceeding, but also in future such disciplinary proceedings. Supplemental Brief for Dr. DeMichele at 18-19.

Dr. DeMichele also addresses the Commonwealth Court's reliance upon Subsection 422.9(c) of the MPA. Like the Commonwealth Court, Dr. DeMichele acknowledges that this provision authorizes the *Board* "to apply to Commonwealth Court to enforce its subpoenas," but contains no similar authorization for private individuals. 63 P.S. § 422.9(c). Recognizing that the absence of jurisdiction in the Commonwealth Court would require her to seek relief in various Courts of Common Pleas, Dr. DeMichele advances the argument that such a process would be inefficient and could lead to inconsistent rulings. *See* Supplemental Brief for Dr. DeMichele at 20. Dr. DeMichele contends that it is nonsensical to conclude that the Commonwealth may seek

enforcement of its subpoenas in the Commonwealth Court, but that a private party respondent in a disciplinary proceeding is not so authorized. *Id.*

Whether subject matter jurisdiction lies in the Commonwealth Court is a question of statutory interpretation, as to which our standard of review is *de novo* and our scope of review is plenary. *Whitmoyer v. W.C.A.B. (Mountain Country Meats),* 186 A.3d 947, 954 (Pa. 2018). In all matters of statutory interpretation, our review is guided by the rules of construction set forth in the Statutory Construction Act of 1972.[6] *See* 1 Pa.C.S. §§ 1901-91. In construing statutory language, our foremost object is to "ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). As we commonly note, the "best indication of legislative intent is the plain language of a statute." *Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1027 (Pa. 2018). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

Applying these precepts to the statutes implicated herein, we conclude that the Commonwealth Court lacked subject matter jurisdiction to entertain Dr. DeMichele's Petition. We first reject Dr. DeMichele's argument that the Commonwealth Court properly exercised its appellate jurisdiction. The pertinent statute provides that "the Commonwealth Court shall have exclusive jurisdiction of appeals from *final orders* of government agencies." 42 Pa.C.S. § 763(a) (emphasis added). A final order is one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Rule 341 additionally provides that the issuing tribunal may designate as final an order that does not dispose of all claims and all parties "only upon an express determination that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c). "In the absence of such

---

[6] 1 Pa.C.S. §§ 1501-1991.

a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order." *Id.*

Dr. DeMichele's action was not, as she claims, an appeal from a final order issued by the hearing examiner. Although the hearing examiner issued an order on June 10, 2016, in order to allow Dr. DeMichele to proceed with her Petition in the Commonwealth Court, this was an interlocutory order that did not dispose of any claims or parties, and was not designated as final upon an express determination by the hearing examiner that immediate appeal would facilitate resolution of the entire case. Indeed, the hearing examiner's order granted a continuance of the proceedings, an order which by its nature does not dispose of claims or parties but, rather, postpones disposition. Accordingly, there was no final administrative order from which an appeal to the Commonwealth Court would lie under 42 Pa.C.S. § 763(a).

We further find no basis for the Commonwealth Court's exercise of original jurisdiction. In short, this was an action neither by nor against the Commonwealth, the Commonwealth was not an indispensable party, and the MPA provides no authorization for private parties to bring subpoena enforcement actions in the Commonwealth Court. We address each of these points in turn.

Although the underlying disciplinary action was commenced by the Bureau, a Commonwealth party, Dr. DeMichele's Petition initiated a distinct cause of action. As M.R. stresses, Dr. DeMichele, a private party, commenced the instant enforcement proceedings against other private individuals and entities. Plainly, this was not an action "[b]y the Commonwealth government." 42 Pa.C.S. § 761(a)(2). The Commonwealth Court's reliance upon *Lansdowne* was misplaced. In *Landsdowne*, we held that original jurisdiction properly lay in the Commonwealth Court under Subsection 761(a)(2) because the subpoena enforcement proceeding therein was "brought by an agency of the

Commonwealth." *Lansdowne*, 526 A.2d at 760. To the extent that our reasoning in *Lansdowne* may be read to suggest that all subpoena enforcement proceedings fall within the ambit of 42 Pa.C.S. § 761(a)(2), as the Commonwealth Court appears to have concluded, we must clarify that *Lansdowne* does not stand for such a proposition.

For similar reasons, Dr. DeMichele's Petition did not commence an action "[a]gainst the Commonwealth government." 42 Pa.C.S. § 761(a)(1). Dr. DeMichele's Petition did not seek relief from the Board or the Bureau. Rather, it sought to compel private parties to comply with the subpoenas. As noted above, Dr. DeMichele's Petition did not name any respondents, but she served the Petition upon the Commonwealth, and the Bureau filed an answer and new matter in response. Such was the basis for the Commonwealth Court's finding that the Commonwealth was an indispensable party, because "it was the only defendant." Commonwealth Court Opinion at 13 n.15. However, neither naming nor serving a Commonwealth party alone is sufficient to establish indispensability. *See Ballroom, LLC v. Commonwealth*, 984 A.2d 582, 588 (Pa. Cmwlth. 2009) ("[I]t is well settled that merely naming the Commonwealth or a Commonwealth party as one of several defendants does not necessarily establish this Court's original jurisdiction under Section 761."); *see also PSEA*, 50 A.3d at 1281-82 (Todd, J., concurring) ("[C]ase law clarifies that naming a Commonwealth agency is not enough to satisfy the jurisdictional requirement; the agency must also be an indispensable party.").

This Court has set forth several factors to consider when inquiring as to the indispensability of a party:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

> 4. Can justice be afforded without violating the due process rights of absent parties?

*CRY*, 640 A.2d at 375 (quoting *Mechanicsburg Area Sch. Dist. v. Kline*, 431 A.2d 953, 956 (Pa. 1981)).

Applying *CRY*'s factors here, we conclude that the Commonwealth is not an indispensable party to Dr. DeMichele's enforcement action. In responding to Dr. DeMichele's Petition, the Bureau did not assert its own rights, but, rather, questioned the validity of the subpoenas absent a court order or M.R.'s consent to the release of her records, and advanced concerns over M.R.'s right to maintain confidentiality in her medical records. That is, the Bureau argued on behalf of M.R.'s rights and interests, not its own. The Board did not participate at all. Although the Commonwealth may have a generalized interest in issues surrounding the enforcement of subpoenas and the protection of privileged material, the Commonwealth's interests are not essential to a determination of the subpoenas' validity and enforceability. As such, the Commonwealth's interests in this matter are too attenuated to warrant a finding that either the Board or the Bureau is indispensable to this action between private parties.

Dr. DeMichele did not bring this action against the Commonwealth; she sought enforcement of the subpoenas against four private individuals and one private entity in order to obtain evidence in the sole possession of those private parties. The Commonwealth, as M.R. notes, "had not received any subpoenas and therefore could not be sued for failure to comply with them." Supplemental Brief for M.R. at 6. Accordingly, the Commonwealth Court's conclusion that the Commonwealth "was the only defendant" lacks support. Commonwealth Court Opinion at 12 n.15. This was not an action against the Commonwealth government, and original jurisdiction therefore did not lie in the Commonwealth Court under 42 Pa.C.S. § 761(a)(1).

We find no support for the Commonwealth Court's conclusion that jurisdiction was established under Subsection 422.9(c) of the MPA. That subsection provides as follows:

> **(c) Subpoena power.**--The board shall have the authority to issue subpoenas, upon application of an attorney responsible for representing the Commonwealth in disciplinary matters before the board, for the purpose of investigating alleged violations of the disciplinary provisions administered by the board. The board shall have the power to subpoena witnesses, to administer oaths, to examine witnesses and to take testimony or compel the production of books, records, papers and documents as it may deem necessary or proper in and pertinent to any proceeding, investigation or hearing held by it. Medical records may not be subpoenaed without consent of the patient or without order of a court of competent jurisdiction on a showing that the records are reasonably necessary for the conduct of the investigation. The court may impose such limitations on the scope of the subpoena as are necessary to prevent unnecessary intrusion into patient confidential information. *The board is authorized to apply to Commonwealth Court to enforce its subpoenas*.

63 P.S. § 422.9(c) (emphasis added).

This statutory subsection pertains exclusively to the subpoena powers of the Board. It confers no such prerogative upon private parties. Had the *Board* sought to enforce a subpoena under Subsection 422.9(c), it would have been "authorized to apply to Commonwealth Court" to do so, *id.*, and original jurisdiction would lie therein pursuant to 42 Pa.C.S. § 761(a)(4). That is not the case here.

Although not addressed by the Commonwealth Court in this case, investigatory subpoena power in disciplinary matters is further contemplated by 63 P.S. § 2202, the statutory section preceding the section upon which the hearing examiner relied in issuing the subpoenas, 63 P.S. § 2203. *See supra* n.2. Section 2202 provides:

> The General Counsel or his designee shall have the power and his duty shall be to issue subpoenas upon application of an attorney responsible for representing the Commonwealth in disciplinary matters before a licensing board or commission for the purpose of investigating alleged violations of the disciplinary provisions administered by a licensing board or commission, provided that, if their disclosure is subject to a privilege provided by law, patient or client records may not be subpoenaed without the consent of the

patient or client or without order of a court of competent jurisdiction showing that the records are reasonably necessary for the conduct of the investigation. The court may impose such limitation on the scope of the subpoena as may be necessary to prevent unnecessary intrusion into patient or client confidential information. *The attorney responsible for representing the Commonwealth in disciplinary matters before a licensing board or commission is authorized to apply to Commonwealth Court to enforce the subpoenas.* Nothing in this clause shall be construed to excuse a person from producing documents and records as requested by a licensing board or commission under any other provision of law.

63 P.S. § 2202 (emphasis added).

Like the above-referenced provision of the MPA, Section 2202 provides no authorization to private individuals to seek enforcement of subpoenas against other private parties in the Commonwealth Court's original jurisdiction. Rather, Section 2202 states that, with regard to the contemplated subpoenas, the "attorney responsible for representing the Commonwealth in disciplinary matters before a licensing board or commission is authorized to apply to Commonwealth Court to enforce the subpoenas." *Id.*

Neither the Board nor an attorney representing the Commonwealth sought to enforce the subpoenas at issue. Accordingly, it is plain that the above-cited statutes do not apply, and that original jurisdiction did not thereunder lie in the Commonwealth Court pursuant to 42 Pa.C.S. § 761(a)(4).[7]

---

[7] Chief Justice Saylor opines that the "issue presented does not relate to subject matter jurisdiction, but rather, concerns standing" under Subsection 422.9(c) of the MPA. Dissenting Opinion at 1 (Saylor, C.J.) (emphasis omitted). We respectfully disagree. The Commonwealth Court is not a court of general jurisdiction; any action commenced therein must fall within a statutory provision which grants that court subject matter jurisdiction. *See* PA. CONST. art. 5, § 4 ("The Commonwealth Court shall . . . have such jurisdiction as shall be provided by law."); 42 Pa.C.S. §§ 761-64 (setting forth the jurisdiction of the Commonwealth Court). The Chief Justice focuses upon the MPA to the exclusion of the Commonwealth Court's original jurisdiction statute. Because Subsection 422.9(c) of the MPA does not authorize a private party to commence a subpoena enforcement action against other private parties in the Commonwealth Court, jurisdiction over this matter is

Finding no basis for the exercise of the Commonwealth Court's subject matter jurisdiction, we are constrained to vacate the court's order. We appreciate Dr. DeMichele's arguments that recourse to various other tribunals may be inconvenient and inefficient. Such piecemeal litigation certainly is less than ideal. However, the jurisdictional statutes are unambiguous, and we may not alter or improve upon their plain language.

The order of the Commonwealth Court is vacated.

Justices Todd, Donohue, Dougherty and Mundy join the opinion.

Justices Dougherty and Mundy file concurring opinions.

Justice Baer concurs in the result.

Chief Justice Saylor files a dissenting opinion

---

not "vested in the Commonwealth Court" by the MPA. 42 Pa.C.S. § 761(a)(4). As it concerns the MPA, that is the end of the inquiry.