Thomas A. Leonard et al., Petitioners *v.* Richard L. Thornburgh, Governor, Commonwealth of Pennsylvania et al., Respondents.

Argued September 13, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL and BARRY.

*Thomas A. Leonard,* for petitioners.

*Jill A. Douthett,* Divisional Deputy City Solicitor, with her *John M. Myers,* Divisional Deputy City Solicitor, *Pamela L. Perry,* Chief Assistant City Solicitor, and *Janet S. Holcombe,* Assistant City Solicitor.

*William S. Rawls,* Executive Deputy Attorney General, with him *Maura A. Johnston, Robert Coyne* and *Allen C. Warshaw,* Deputy Attorneys General, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 4, 1983:

Governor Richard L. Thornburgh and Secretary of Revenue James Scheiner have filed preliminary objections to the petition for review of Kathleen Leonard. We sustain the preliminary objection which would remove Governor Thornburgh as a party to this action. The remaining preliminary objections are overruled.

The facts are recited extensively in *Leonard v. Thornburgh,* 75 Pa. Commonwealth Ct. 553, 463 A.2d 77 (1983), and will not be repeated here.

The Commonwealth contends first, by way of demurrer, that as a matter of law Governor Thornburgh and Secretary Scheiner are not proper parties to the action. We address the status of the two officials separately.

As to the Governor, the Pennsylvania Constitution provides that the ''supreme executive power shall be

vested in the Governor, who shall take care that the laws be faithfully executed. . . ." Pa. Const. Art. IV §2. This duty is reiterated in Section 701(a) of the Administrative Code of 1927.[1] The Governor is indeed the paramount executive authority in this Commonwealth. There can be no question that the Governor cannot, and indeed would not wish to, "faithfully execute" a statute which is by judicial fiat determined to be unconstitutional.[2] However, for the reasons that follow, we will permit the removal of the Governor as a party to this action.

The executive interest is adequately represented by its duly-appointed agency head, Department of Revenue Secretary Scheiner. We consider it to be both more efficient and expeditious to avoid the unnecessary duplication by the presence of the Chief Executive and his authorized delegate who present mutually identifiable positions. This is not to say that the Governor is precluded from maintaining himself as a party. We hold, however, that his presence in this litigation is not necessary for a just disposition of the merits of this petition for review.

Department of Revenue Secretary Scheiner's duties under Article III of the Tax Reform Code of 1971[3] are delineated in Section 354[4] of the act.

§7354   Rules and Regulations

The department is hereby charged with enforcement of the provisions of this article, and

---

[1] The Governor shall have the power and it shall be his duty:

(a) To take care that the laws of the Commonwealth shall be faithfully executed. . . .

[2] We perceive the instant action to be a constitutional challenge to a state taxing statute. See Section 359(b) of the Act of March 4, 1971, P.L. 6, as amended, added by Section 2 of the Act of December 21, 1977, P.L. 330, 72 P.S. §7359(b).

[3] 72 P.S. §7301.

[4] 72 P.S. §7354.

is hereby authorized and empowered to pre-
scribe, adopt, promulgate, and enforce rules
and regulations relating to any matter or thing
pertaining to the *administration and enforce-
ment of the provisions of this article and the
collecting of taxes imposed by this article.* (Em-
phasis added.)

"Administer" is commonly defined as: "to man-
age or supervise the execution, use or conduct of."[5]

It is beyond question that the Secretary is em-
powered to defend and enforce the provisions of a
taxing statute when a constitutional attack is mount-
ed. He has a clear and undisputed interest in de-
fending its constitutionality. Secretary Scheiner is,
therefore, a proper party to this action.

The Commonwealth next argues that equity is an
improper forum for resolution of the petitioner's
cause. Its preliminary objections aver that there is
an adequate remedy at law and Leonard has failed
to exhaust her administrative remedy. Our Supreme
Court, in *Borough of Green Tree v. The Board of
Property Assessments, Appeals and Review of Alle-
gheny County,* 459 Pa. 268, 328 A.2d 819 (1975), held
that a court of equity had jurisdiction in an action,
alleging that a taxing statute violated the uniformity
clause of the Pennsylvania Constitution. Further,
the Court held that the regular statutory administra-
tive appeal procedure is unable to resolve the con-
stitutionality issue. As in *Green Tree,* the Common-
wealth here fails to aver the existence or efficacy of
an adequate administrative appeal procedure to de-
termine the ultimate constitutional issue. Here, fol-
lowing the *Green Tree* instruction, we conclude that
this Court enjoys equitable jurisdiction.

---

[5] Webster's Third New International Dictionary 27 (1976).

Finally, the Commonwealth attempts, at this time, to put before us for resolution the constitutionality of the nonresident cap and at the same time contends that Leonard has failed to establish irreparable harm. We cannot resolve these issues on preliminary objections. See Pa. R.C.P. No. 1017 (expressly limiting the scope of preliminary objections).

Thus, for the foregoing reasons, the preliminary objection removing Governor Thornburgh is sustained. All other preliminary objections are overruled.

## ORDER

The preliminary objection of Governor Richard L. Thornburgh and Secretary of Revenue James Scheiner which seeks to remove Governor Thornburgh as a party to this action is sustained.

All other preliminary objections of Secretary of Revenue James Scheiner are overruled. The Secretary of Revenue shall file his answer within thirty (30) days of this Order.

Judge WILLIAMS, JR., concurs in the result only.

Judge DOYLE did not participate in this decision.

CONCURRING AND DISSENTING OPINION BY JUDGE BARRY:

I concur in that portion of the opinion of President Judge CRUMLISH, JR., which sustains the preliminary objection of Governor Richard L. Thornburgh and removes Governor Thornburgh as a party to this action. I dissent from that portion of the opinion which overrules the preliminary objection of Secretary of Revenue James Scheiner.

In my opinion, the right of the Attorney General to participate in any case in which the constitutionality of a state statute is involved (Pa. R.C.P. No. 235) adequately represents the "executive interest" of the

Commonwealth of Pennsylvania discussed in President Judge CRUMLISH's opinion. I would dismiss both Commonwealth officers from the case and transfer it to the Court of Common Pleas of Philadelphia County for further action.