ALLEGHENY SPORTSMEN'S LEAGUE, Kim Stolfer, Richard Haid, Lehigh Valley Firearms Coalition, John F. Brinson and John J. Iannantuono, Petitioners,

v.

Tom RIDGE, in his official capacity as Governor of the Commonwealth of Pennsylvania, Paul Evanko, in his official capacity as the Commonwealth of Pennsylvania State Police Commissioner and the State Police of the Commonwealth of Pennsylvania (Pennsylvania State Police), Respondents.

Commonwealth Court of Pennsylvania.

Argued May 9, 2001.
Decided Jan. 9, 2002.

Jon Pushinsky, Pittsburgh, for petitioner.

Joanna N. Reynolds, Harrisburg, for respondent.

Before DOYLE, President Judge,[1] COLINS, Judge, SMITH, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, KELLEY, Judge,[2] LEADBETTER, Judge.

KELLEY, Judge.

Before this Court in our original jurisdiction are preliminary objections filed by Tom Ridge, in his official capacity as Governor of the Commonwealth of Pennsylvania, Paul Evanko, in his official capacity as the Commonwealth of Pennsylvania State Police Commissioner, and the State Police of the Commonwealth of Pennsylvania (State Police) (collectively, the Commonwealth) to a Complaint in Equity filed by the Allegheny Sportsmen's League, Kim Stolfer, Richard Haid, Lehigh Valley Firearms Coalition, John F. Brinson and John J. Iannantuono (collectively, Petitioners)[3] seeking to enjoin the Commonwealth from violating the Pennsylvania Uniform Firearms Act of 1995 (Firearms Act), 18 Pa.

---

[1] The decision in this case was reached prior to the date that President Judge Doyle assumed the status of senior judge on December 31, 2001.

[2] The decision in this case was reached prior to the date that Judge Kelley assumed the status of senior judge on December 31, 2001.

[3] Petitioners are four individuals and two organizations committed to preserving the rights of firearm owners as set forth and protected by the constitutions of the United States and the Commonwealth of Pennsylvania.

C.S. §§ 6101–6162, through the maintenance of a handgun sales database.

The Firearms Act was enacted on December 6, 1972 and subsequently amended by the Act of June 13, 1995, P.L. 1024, No. 17 (Spec.Sess. No. 1) (Act 17), the Act of November 22, 1995, P.L. 621, No. 66 (Act 66), and the Act of April 22, 1997, P.L. 73, No. 5 (Act 5). Of relevance to this discussion are Sections 6111(b) and 6111.4.

In its present form, Section 6111(b) provides:

(b) Duty of seller.—No licensed importer, licensed manufacturer or licensed dealer shall sell or deliver any firearm to another person, other than a licensed importer, licensed manufacturer, licensed dealer or licensed collector, until the conditions of subsection (a) have been satisfied and until he has:

(1) For purposes of a firearm as defined in section 6102 (relating to definitions), obtained a completed application/record of sale from the potential buyer or transferee to be filled out in triplicate, the original copy to be sent to the Pennsylvania State Police, postmarked via first class mail, within 14 days of the sale, one copy to be retained by the licensed importer, licensed manufacturer or licensed dealer for a period of 20 years and one copy to be provided to the purchaser or transferee. The form of this application/record of sale shall be no more than one page in length and shall be promulgated by the Pennsylvania State Police and provided by the licensed importer, licensed manufacturer or licensed dealer. The application/record of sale shall include the name, address, birthdate, gender, race, physical description and Social Security number of the purchaser or transferee, the date of the application and the caliber, length of barrel, make, model and manufacturer's number of the firearm to be purchased or transferred.

(1.1) On the date of publication in the Pennsylvania Bulletin of a notice by the Pennsylvania State Police that the instantaneous records check has been implemented, all of the following shall apply:

(i) In the event of an electronic failure under section 6111.1(b)(2) (relating to Pennsylvania State Police) for purposes of a firearm which exceeds the barrel and related lengths set forth in section 6102, obtained a completed application/record of sale from the potential buyer or transferee to be filled out in triplicate, the original copy to be sent to the Pennsylvania State Police, postmarked via first class mail, within 14 days of sale, one copy to be retained by the licensed importer, licensed manufacturer or licensed dealer for a period of 20 years and one copy to be provided to the purchaser or transferee.

(ii) The form of the application/record of sale shall be no more than one page in length and shall be promulgated by the Pennsylvania State Police and provided by the licensed importer, licensed manufacturer or licensed dealer.

(iii) For purposes of conducting the criminal history, juvenile delinquency and mental health records background check which shall be completed within ten days of receipt of the information from the dealer, the application/record of sale shall include the name, address, birthdate, gender, race, physical description and Social Security number of the purchaser or transferee and the date of application.

(iv) No information regarding the type of firearm need be included other than an indication that the firearm exceeds the barrel lengths set forth in section 6102.

(v) Unless it has been discovered pursuant to a criminal history, juvenile delinquency and mental health records background check that the potential purchaser or transferee is prohibited from possessing a firearm pursuant to section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms), no information on the application/record of sale provided pursuant to this subsection shall be retained as precluded by section 6111.4 (relating to registration of firearms) by the Pennsylvania State Police either through retention of the application/record of sale or by entering the information onto a computer, and, further, an application/record of sale received by the Pennsylvania State Police pursuant to this subsection shall be destroyed within 72 hours of the completion of the criminal history, juvenile delinquency and mental health records background check.

(1.2) Fees collected under paragraph (3) and section 6111.2 (relating to firearm sales surcharge) shall be transmitted to the Pennsylvania State Police within 14 days of collection.

(1.3) In addition to the criminal penalty under section 6119 (relating to violation penalty), any person who knowingly and intentionally maintains or fails to destroy any information submitted to the Pennsylvania State Police for purposes of a background check pursuant to paragraphs (1.1) and (1.4) or violates section 6111.4 shall be subject to a civil penalty of $250 per violation, entry or failure to destroy.

(1.4) Following implementation of the instantaneous records check by the Pennsylvania State Police on or before December 31, 1999, no application/record of sale shall be completed for the purchase or transfer of a firearm which exceeds the barrel lengths set forth in section 6102. A statement shall be sub-mitted by the dealer to the Pennsylvania State Police, postmarked via first class mail, within 14 days of the sale, containing the number of firearms sold which exceed the barrel and related lengths set forth in section 6102, the amount of surcharge and other fees remitted and a list of the unique approval numbers given pursuant to paragraph (4), together with a statement that the background checks have been performed on the firearms contained in the statement. The form of the statement relating to performance of background checks shall be promulgated by the Pennsylvania State Police.

(1.4) Following implementation of the instantaneous records check by the Pennsylvania State Police on or before December 1, 1998, no application/record of sale shall be completed for the purchase or transfer of a firearm which exceeds the barrel lengths set forth in section 6102. A statement shall be submitted by the dealer to the Pennsylvania State Police, postmarked via first class mail, within 14 days of the sale, containing the number of firearms sold which exceed the barrel and related lengths set forth in section 6102, the amount of surcharge and other fees remitted and a list of the unique approval numbers given pursuant to paragraph (4), together with a statement that the background checks have been performed on the firearms contained in the statement. The form of the statement relating to performance of background checks shall be promulgated by the Pennsylvania State Police.

18 Pa.C.S. § 6111(b). Section 6111.4 of the Firearms Act provides:

Notwithstanding any section of this chapter to the contrary, nothing in this chapter shall be construed to allow any government or law enforcement agency

or any agent thereof to create, maintain or operate any registry of firearm ownership within this Commonwealth. For the purposes of this section only, the term **"firearm"** shall include any weapon that is designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon.

18 Pa.C.S. § 6111.4 (emphasis provided).

Petitioners assert that the Commonwealth maintains a handgun sales database in violation of the above statutory provisions of the Firearms Act. In their Complaint in Equity, Petitioners seek both declaratory and injunctive relief, as well as attorneys fees and costs. Specifically, Petitioners request that this Court declare that the Commonwealth has violated the Section 6111(b)(1.1)(v)'s prohibition on retaining information on the application/record of sale and Section 6111.4's prohibition against the creation, maintenance and operation of a registry of firearm ownership. Petitioners also request that this Court issue an injunction prohibiting the Commonwealth from maintaining a database of handgun sales and directing the destruction of the existing database.[4]

In response to the Complaint in Equity, the Commonwealth filed preliminary objections with this Court on February 7, 2001. In the preliminary objections, the Commonwealth asserts that (1) Governor Ridge is not a proper party to the action; (2) Petitioners should not be permitted to invoke the equity jurisdiction of the Court due to the existence of an adequate remedy at law; and (3) Petitioners have failed to state a claim upon which relief can be granted.[5]

Preliminarily, we note that when ruling upon preliminary objections, the Court must accept as true all well-pleaded allegations of material fact as well as all reasonable inferences deducible therefrom. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208 (Pa.Cmwlth. 1995); *Rodgers v. Pennsylvania Department of Corrections*, 659 A.2d 63 (Pa. Cmwlth.1995). The Court is not required to accept as true any conclusions of law or expressions of opinion. *Envirotest*. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.* A demurrer, which results in the dismissal of a suit, should be sustained only in cases that are free and clear from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded. *Rodgers.* With these standards in mind, we shall consider Commonwealth's preliminary objections.

### (1) *Proper Party*

In the first preliminary objection, the Commonwealth maintains that Governor Ridge is not a proper party to the action. We agree.

The Governor is the paramount executive authority in this Commonwealth. The Pennsylvania Constitution provides that the "supreme executive power shall be vested in the Governor, who shall take care that the laws be faithfully executed...." Pa. Const. Art. IV § 2. This duty is reiterated in Section 701(a) of The Ad-

---

**4.** Petitioners also filed a petition for preliminary injunction which was denied by this Court. *Allegheny Sportsmen's League v. Tom Ridge* (Pa.Cmwlth., No. 565 M.D.2000, filed January 23, 2001).

**5.** We have renumbered Commonwealth's objections for purposes of this opinion.

ministrative Code of 1929.[6]

■ Although the Governor is charged with broad enforcement responsibility of ensuring that the laws of this Commonwealth are faithfully executed, the interest in enforcing and defending the act in question belongs to the government official who implements the law. *See City of Pittsburgh v. Commonwealth,* 112 Pa.Cmwlth. 188, 535 A.2d 680 (1987), *aff'd,* 522 Pa. 20, 559 A.2d 513 (1989) (the true party in interest is the government official who implements a law). In the case before us, the State Police are charged with administering and enforcing the provisions of the Firearms Act. Section 6111.1 of the Firearms Act, 18 Pa.C.S. § 6111.1. Thus, the Commissioner of the State Police, as the executive authority of the State Police, is the government official charged with the ultimate responsibility of enforcing and administering the provisions of the Firearms Act as well as defending the act.

As State Police Commissioner Paul Evanko is a named respondent in this action, we believe that the executive interest is adequately represented. We consider it to be both more efficient and expeditious to avoid the unnecessary duplication by the presence of the Governor and his authorized delegate who present mutually identifiable positions. *See Leonard v. Thornburgh,* 78 Pa.Cmwlth. 216, 467 A.2d 104, 105 (1983). Thus, the Governor's presence in this litigation is not necessary. We will therefore sustain the Commonwealth's preliminary objection that the Governor is not proper party to this suit.

### (2) *Adequate Remedy at Law*

In the second preliminary objection, the Commonwealth maintains that the declara-

tory and injunctive relief sought by Petitioners is unavailable because there exists an alternative avenue of relief that is exclusively provided for by law under the Firearms Act. In support of its position, the Commonwealth relies upon *Mains v. Fulton,* 423 Pa. 520, 224 A.2d 195 (1966), for the proposition that declaratory judgment proceedings should not be entertained by the Court if there are other available and appropriate remedies. The Commonwealth directs our attention to Sections 6111(b)(1.3) and 6119 of the Firearms Act. Section 6111(b)(1.3) provides that any person who knowingly and intentionally maintains, or fails to destroy any information submitted to the State Police for purposes of a background check shall be subject to a civil penalty of $250 per violation. 18 Pa.C.S. § 6111(b)(1.3). Section 6119 provides that an offense under the Firearms Act constitutes a misdemeanor of the first degree. 18 Pa.C.S. § 6119.

■ The availability of criminal and civil penalties under the Firearms Act, however, does not preclude the availability of declaratory relief sought by Petitioners. Section 7541 of the Pennsylvania Declaratory Judgment Act (DJA), 42 Pa.C.S. § 7541, which was enacted in 1976, has superseded *Mains.* Section 7541 of the DJA provides that declaratory judgments shall be an additional remedy to other available remedies and only precludes a court from entering a declaratory judgment action under three limited exceptions. Specifically, Section 7541 of the DJA provides:

> The availability of declaratory relief shall not be limited by the provisions of

---

6. Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 241. Section 701 provides:
   The Governor shall have the power and it shall be his duty:

(a) To take care that the laws of the Commonwealth shall be faithfully executed....
   71 P.S. § 241.

1 Pa.C.S. § 1504 (relating to statutory remedy preferred over common law) and the remedy provided by this subchapter shall be additional and cumulative to all other available remedies except as provided in subsection (c). Where another remedy is available the election of the declaratory judgment remedy rather than another available remedy shall not affect the substantive rights of the parties, and the court may pursuant to general rules change venue, require additional pleadings, fix the order of discovery and proof, and take such other action as may be required in the interest of justice.

(c) Exceptions.—Relief shall not be available under this subchapter with respect to any:

 (1) Action wherein a divorce or annulment of marriage is sought except as provided by 23 Pa.C.S. § 3306 (relating to proceedings to determine marital status).

 (2) Proceeding within the exclusive jurisdiction of a tribunal other than a court.

 (3) Proceeding involving an appeal from an order of a tribunal.

42 Pa.C.S. § 7541. As none of the exceptions apply here, Petitioners are not precluded from seeking declaratory judgment with this Court.

With regard to the injunctive relief sought, we recognize that this Court is precluded from exercising equity jurisdiction in order to grant injunctive relief if an adequate remedy exists at law. *Burchfield v. Department of Education,* 41 Pa. Cmwlth. 121, 399 A.2d 796 (1979); *Flaharty v. School Directors of Eastern School District,* 17 Pa.Cmwlth. 637, 334 A.2d 310 (1975). However, we hold that the civil and criminal penalties contained within the Firearms Act are not adequate to deprive this Court of equity jurisdiction. *See Har-ris–Walsh, Inc. v. Dickson City Borough,* 420 Pa. 259, 216 A.2d 329 (1966). Absent injunctive relief, Petitioners lack a mechanism for prospectively preventing violations of the Firearms Act. The criminal and civil penalties contained within the Firearms Act do not effect prompt or effective correction of the violation, but merely serve to punish a violation after the harm has already been done. Moreover, the harm that could potentially result from the Commonwealth's violation of the Firearms Act is certainly not remedied by the penalty provisions contained therein. Accordingly, the Commonwealth's preliminary objection that this Court is without equity jurisdiction on the basis of alternate statutory remedies is overruled.

### (3) *Failure to State a Claim Upon Which Relief Can Be Granted*

In the third preliminary objection, the Commonwealth maintains that Petitioners have failed to state a claim upon which relief can be granted. We agree.

As noted above, in reviewing the legal sufficiency of Petitioners' claims, we must accept as true all of the well-pleaded material facts set forth therein as well as all reasonable inferences that may be drawn from those facts. *Pennsylvania School Boards Association v. Commonwealth Association of School Administrators, Teamsters Local 502,* 696 A.2d 859, 869 (Pa. Cmwlth.1997). Preliminary objections in the nature of a demurrer will be sustained only where the pleading is clearly insufficient to establish a right to relief, and any doubt must be resolved in favor of overruling the demurrer. *Gaster v. Township of Nether Providence,* 124 Pa.Cmwlth. 595, 556 A.2d 947 (1989).

Petitioners seek both injunctive and declaratory relief. First, Petitioners seek a declaration that the Commonwealth has violated Sections 6111(b) and 6111.4 of the

Firearms Acts. Second, Petitioners seek an injunction ordering that the Commonwealth cease violating these provisions and directing the destruction of the Commonwealth's existing database. As Petitioners' injunctive claims are dependent upon the declaratory relief sought, we shall begin by addressing Petitioners' declaratory claims.

■ With regard to the declaratory relief requested, declaratory judgments are governed by the DJA, 42 Pa.C.S. §§ 7531–7541. Declaratory judgments are not obtainable as a matter of right. *Ronald H. Clark, Inc. v. Township of Hamilton*, 128 Pa.Cmwlth. 31, 562 A.2d 965 (1989). Rather, whether a court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion. *Id.* Likewise, the issuance of a declaratory judgment under the DJA is also a matter of sound judicial discretion. Section 7532 of the DJA, 42 Pa.C.S. § 7532; *Pennsylvania Independent Petroleum Producers v. Pennsylvania Department of Environmental Resources*, 106 Pa. Cmwlth. 72, 525 A.2d 829 (1987), *aff'd*, 520 Pa. 59, 550 A.2d 195 (1988), *cert. denied*, 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 935 (1989).

The purpose of the DJA "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relation." Section 7541(a) of the DJA, 42 Pa C.S. § 7541(a). "Any person interested ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder." Section 7533 of DJA, 42 Pa.C.S. § 7533.

The declaration of rights sought by Petitioners is premised upon their interpretation of the Firearms Act. Thus, in order to determine whether Petitioners have stated a claim upon which relief can be granted, we shall examine the provisions of the Firearms Act to determine whether the Commonwealth's maintenance of a database of handgun sales is a violation of Section 6111(b) and/or Section 6111.4 the Firearms Act.

*Section 6111(b) of the Firearms Act*

Section 6111(b)(1) of the Firearms Act pertains specifically to handguns. 18 Pa. C.S. § 6111(b)(1). This section mandates that a completed application/record of sale from buyers of handguns must be sent to the State Police within 14 days of sale. *Id.* The Firearms Act specifies the length of the form and what information it should contain. *Id.* Specifically, the application/record of sale shall include the name, address, birth date, gender, race, physical description and Social Security number of the purchaser or transferee, the date of the application and the caliber, length of barrel, make, model and manufacturer's number of the firearm to be purchased or transferred. *Id.*

■ Section 6111(b)(1.1)(v) provides an express prohibition on the maintenance or retention of the application/record of sale. Specifically, Section 6111(b)(1.1)(v) provides:

no information on the application/record of sale provided pursuant to this subsection shall be retained as precluded by section 6111.4 (registration of firearms) by the Pennsylvania State Police either through the retention of the application/record of sale or by entering the information onto a computer, and, further, an application/record of sale received by the Pennsylvania State Police pursuant to this subsection shall be destroyed within 72 hours of the completion of the criminal history, juvenile delinquency and mental health records backgrounds check.

18 Pa.C.S. § 6111(b)(1.1)(v). While at first glance, this language appears to support Petitioners' position, upon closer examination, this subsection pertains to application/record of sales provided *"pursuant to this subsection."* Subsection (1.1), when read in its entirety, clearly pertains to *"firearms which exceed the barrel and related lengths set forth in Section 6102 "* ("long guns"), not handguns. *See* Sections 6111(b)(1.1)(i) and (iv) of the Firearms Act, 18 Pa.C.S. § 6111(b)(1.1)(i), (iv) (emphasis added).

Specifically, subsection (1.1) pertains to applications/records of sale on long guns submitted for background checks *in the event of electronic failure.* When an instantaneous records check is performed by the Pennsylvania State Police, *no* application/record of sale must be completed for the purchase or transfer of a long gun. *See* Section 6111(b)(1.1)(i) of the Firearms Act. Only in the event of an electronic failure, when an instantaneous records check cannot be performed, are applications/records of sale on long guns to be completed. *Id.* It is only these applications/records of sale, which the State Police are not authorized to maintain and must destroy. Had the General Assembly intended to prohibit the retention application/records relating to handgun sales or intended for the destruction of this information once it reached the State Police, it would have included that language within Section 6111(b)(1) relating to handguns, but chose not to.

Additionally, subsection (1.3) only levies a monetary penalty against a person who "knowingly and intentionally maintains or fails to destroy any information submitted to the Pennsylvania State Police for purposes of a background check pursuant to paragraphs (1.1) and (1.4) or violates section 6111.4." When read in conjunction with other provisions of the Firearms Act, this language only applies to information maintained on long gun sales. First, both Section (1.1) and (1.4) specifically refer to long guns, not to handguns. There is no express penalty provision contained within the Firearms Act for persons who knowingly and intentionally maintain or fail to destroy information submitted to the State Police for purposes of Section 6111(b)(1) relating to handguns.

Second, the purpose of requiring dealers to send the application/record of handgun sales under subsection (1) is not for the purpose of conducting a criminal history check of the purchaser as such checks are conducted through a phone call by the dealer at the time of purchase via instantaneous records check. *See* Section 6111.1(b)(1) of the Firearms Act, 18 Pa. C.S. § 6111.1(b)(1).[7] Only in the event of electronic failure are these applications

---

7. Section 6111.1(b)(1) provides:

(b) Duty of Pennsylvania State Police.—

(1) Upon receipt of a request for a criminal history, juvenile delinquency history and mental health record check of the potential purchaser or transferee, the Pennsylvania State Police shall immediately during the licensee's call or by return call forthwith:

(i) review the Pennsylvania State Police criminal history and fingerprint records to determine if the potential purchaser or transferee is prohibited from receipt or possession of a firearm under Federal or State law;

(ii) review the juvenile delinquency and mental health records of the Pennsylvania State Police to determine whether the potential purchaser or transferee is prohibited from receipt or possession of a firearm under Federal or State law; and

(iii) inform the licensee making the inquiry either:

(A) that the potential purchase or transfer is prohibited; or

(B) provide the licensee with a unique approval number.

18 Pa.C.S. § 6111.1(b)(1).

used for such purposes. Section 6111.1(b)(2) of the Firearms Act, 18 Pa. C.S § 6111.1(b)(2).[8]

Clearly, the General Assembly has intended that the application/record of handgun sales serve some purpose. As suggested by the Commonwealth, the purpose is to enable the State Police to maintain a record of sales for law enforcement purposes in the event handguns are utilized in the commission of crimes. Such purpose is consistent with long history of the Commonwealth's maintenance of a handgun sales database. This purpose is also consistent with Section 6111.1(b)(4) of the Firearms Act, which provides that the State Police shall make all reasonable efforts to determine the lawful owner of any firearm confiscated by the State Police and return the firearm to its lawful owner. To conclude otherwise, would render the submission of the record/application of handgun sales pointless and would certainly impede the ability of the State Police's to return confiscated firearms to their lawful owners.

This interpretation is further bolstered by the differences in the application requirements. With regard to applications submitted for long gun sales for the purposes of conducting background checks in the event of an electronic failure, no information regarding the type of firearm needs to be included in the application other than an indication that the firearm exceeds the barrel lengths set forth in Section 6102. Section 6111(b)(1.1)(iv) of the Firearms Act. With regard to applications submitted for handgun sales, the Firearms Act specifically requires that the caliber, length of barrel, make model and manufacturer's number of a handgun be provided on the application. Section 6111(b)(1) of the Firearms Act. Again, such information would not be necessary unless the General Assembly intended that this information be retained and utilized by law enforcement officials.

Thus, in the absence of express language that the State Police are prohibited from retaining information on the application/record of sale of handguns, we conclude that Petitioners will be unable to state a claim that the Commonwealth's maintenance of a database of handgun sales is a violation of Section 6111(b) of the Firearms Act. We will now examine whether Petitioners can state a claim that the maintenance of such database is a violation of Section 6111.4 of the Firearms Act.

*Section 6111.4 of the Firearms Act*

Section 6111.4 of the Firearms Act prohibits the creation, maintenance and operation of "any registry of firearm ownership." 18 Pa. C.S § 6111.4. Unfortunately, the Firearms Act does not define "registry of firearm ownership."

■ In the absence of a statutory definition, words and phrases are to be construed according to rules of grammar and

---

**8.** Section 6111.1(b)(2) provides:

In the event of electronic failure, scheduled computer downtime or similar event beyond the control of the Pennsylvania State Police, the Pennsylvania State Police shall immediately notify the requesting licensee of the reason for and estimated length of the delay. If the failure or event lasts for a period exceeding 48 hours, the dealer shall not be subject to any penalty for completing a transaction absent the completion of an instantaneous records check for the remainder of the failure or similar event, but the dealer shall obtain a completed application/record of sale following the provisions of section 6111(b)(1) and (1.1) (relating to sale or transfer of firearms) as if an instantaneous records check has not been established for any sale or transfer of a firearm for the purpose of a subsequent background check.

18 Pa.C.S. § 6111.1(b)(2).

according to their common and approved usage. Section 1903 of the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. § 1903. The primary object of all statutory interpretation, of course, "is to ascertain and effectuate the intention of the General Assembly." Section 1921(a) of the Statutory Construction Act, 1 Pa.C.S. § 1921(a). When the words of a statute are clear and free from ambiguity, the interpretation is relatively simple; in such circumstances, "the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act, 1 Pa.C.S. § 1921(b). When, however, the words of a statute are not explicit, legislative intent may be ascertained by considering, *inter alia*, the occasion and necessity of the statute, the circumstances in which it was enacted, the mischief to be remedied, and the object to be attained by the legislation. Section 1921(c) of the Statutory Construction Act, 1 Pa.C.S. § 1921(c).

The term "registry", by its plain definition, ordinarily refers to an official record. While we agree that the database maintained by the Commonwealth is a "registry" of sorts, there are no allegations that the Commonwealth maintains a registry of firearm ownership. Rather, Petitioners allege that Commonwealth maintains a database of handgun sales only. We cannot conclude that a database of handgun sales constitutes a "registry of firearm ownership."

The distinction lies not in the term "registry", as urged by Petitioners, but with what is being registered. A "registry of firearm ownership", by plain definition, would maintain a record of *ownership*, whereas a registry or database of handgun sales would maintain a record of sale. While the distinction may seem slight, a registry of ownership would necessarily encompass a registration of all firearms, including long guns, firearms owned by Pennsylvanians not purchased in the Commonwealth of Pennsylvania, as well as information on transfers of handguns to spouses, children, and grandchildren, whereas the database of handgun sales maintained by the Commonwealth contains only information on the sale of handguns in the Commonwealth of Pennsylvania. This interpretation is consistent with the other provisions of the Firearms Act, including Section 6111(b)(1), which requires dealers to submit application/record of sales of handguns to the State Police.

Additionally, our review of the legislative history of Act 66,[9] reveals that the General Assembly has intended "registry of firearm ownership" to mean something separate and distinct from the database of handgun sales maintained by the Commonwealth. The legislative history provides:

Act 66 specifically prohibits the creation of a firearm ownership registry. The intent of this section has created some concern among law enforcement. The Pennsylvania State Police have maintained the information on the record of sale for a handgun since the 1930's. The information has been successfully used to solve crimes involving the use of handguns. It was not the intent of Act 66 conference committee to change the State Police's ability to use this data to solve crimes as this information does not constitute an ownership registry.

According to case law, an ownership registry would require the registration of all firearms, including those owned by Pennsylvanians not purchased in the Commonwealth. Presently, if you move to Pennsylvania from another State, you are not required to register any hand-

---

**9.** Act 66 amended, *inter alia,* Section 6111(b)(1.1).

guns you bring with you. Information on transfers of handguns to spouses, children, and grandchildren is not reported or required. According to case law, the exclusion of these handguns means that there is no "ownership registry."

Act 66 allows the historic record of sale data bank to be retained by the State Police for the purpose of enabling law enforcement to solve crimes and to put the criminals who commit gun violence behind bars.

Act 66 also prevents any records from being maintained on rifles and shotguns. A true ownership registry would require all Pennsylvania to register all firearms in the same manner as you register a motor vehicle.

Legislative Journal–House, December 11, 1995, p. 2306. Although there does exist some legislative history to the contrary,[10] we believe that history referenced above is consistent with the plain language of the Firearms Act as well as other provisions within the Firearms Act. We, therefore, conclude that Petitioners will be unable to state a claim that the Commonwealth's maintenance of a database of handgun sales is a violation of Section 6111.4 of the Firearms Act.

Based upon the foregoing analysis, we conclude that Petitioners are not entitled to declaratory judgment. Having failed to establish the right to declaratory judgment, Petitioners' injunctive claims must likewise fail. We, therefore, conclude that Petitioners' Complaint in Equity fails to state a claim upon which relief may be granted.

Accordingly, the Commonwealth's preliminary objection in the nature of a demurrer is sustained. Petitioners' Complaint in Equity is hereby dismissed.

### ORDER

AND NOW, this *9th* day of *January*, 2002, we sustain in part and overrule in part Respondents' preliminary objections to Petitioners' Complaint in Equity as follows:

1. We OVERRULE Respondents' preliminary objection that this Court was divested of equity jurisdiction on the basis of alternative remedies at law;

2. We SUSTAIN Respondents' preliminary objection that Governor Tom Ridge is not a proper party to this action;

3. We SUSTAIN Respondents' preliminary objection in the nature of a demurrer on the basis that Petitioners have failed to state a claim upon which relief can be granted.

We hereby dismiss Petitioners' Complaint in Equity with prejudice.

FRIEDMAN, Judge, concurring and dissenting.

I concur in part and dissent in part. Like the majority, I would sustain Respondents' preliminary objection asserting that the Governor is not a proper party to this

---

**10.** Petitioners direct our attention to the comments made by Representative Teresa Brown:

> [T]he bill just requires a new form to be used as part of a new handgun registry system. It replaces the old, ill advised handgun registration system with a new, ill advised handgun registration system. The argument by some that this is not a "registration of gun ownership" is pure semantics.

\* \* \*

> Even though the information and the forms would differ from previous law concerning handgun sales, SB 282 would create a registry system similar to the one noted by Commonwealth v. Corradino, 403 Pa.Super. 251 [588 A.2d 936 (1991)].

Legislative Journal–House, November 21, 1995, p. 2229.

action; I would overrule the preliminary objection asserting that this court lacks equity jurisdiction because there exists an alternative remedy at law; and I would sustain the preliminary objection asserting that Petitioners have failed to state a claim for which relief can be granted with respect to section 6111(b) of the Pennsylvania Uniform Firearms Act of 1995 (Firearms Act), 18 Pa.C.S. §§ 6101–6162. However, unlike the majority, I would overrule the preliminary objection asserting that Petitioners have failed to state a claim for which relief can be granted with respect to section 6111.4 of the Firearms Act, 18 Pa.C.S. § 6111.4.

Section 6111.4 of the Firearms Act provides:

Notwithstanding any section of this chapter to the contrary, nothing in this chapter shall be construed to allow any government or law enforcement agency or any agent thereof to create, maintain or operate *any registry of firearm ownership* within this Commonwealth. For the purposes of this section only, the term "firearm" shall include any weapon that is designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon.

18 Pa.C.S. § 6111.4 (emphasis added). Petitioners allege that Respondents maintain a database of handgun sales.[1] Based on the plain meaning of the words in section 6111.4 of the Firearms Act, I believe that a database of handgun sales is a "registry of firearm ownership."

Words and phrases in a statute shall be construed according to their common and approved usage. Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903. A database is a collection of records, and a "registry" is an official record.[2] *See* Webster's Third New International Dictionary 1912 (1993). A handgun is a "firearm" because it is a weapon designed to expel a projectile by the action of an explosive.[3] *See* 18 Pa.C.S. § 6111.4. A sale is a transfer of "ownership" from one person to another.[4] *See* Webster's Third

---

1. In ruling on preliminary objections, this court must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced from them. *Envirotest Partners v. Department of Transportation,* 664 A.2d 208 (Pa.Cmwlth. 1995).

2. The majority agrees that the database is a registry. (Majority op. at 359–60.)

3. The majority concludes that a registry of "handgun" ownership is not a registry of "firearm" ownership because a handgun registry would not include records for *all* firearms owned by Pennsylvanians. (Majority op. at 360.) In other words, the majority holds that section 6111.4 of the Firearms Act prohibits only a *complete* firearm ownership registry, but that it permits a *partial* firearm ownership registry. I cannot agree.

First, section 6111.4 of the Firearms Act prohibits "any" registry, and a partial registry of firearm ownership is still a registry of firearm ownership. By ignoring the word

"any" in its analysis of section 6111.4, the majority has transformed the statutory phrase *"any* registry of firearm ownership" into *"a complete* registry of firearm ownership." I cannot accept such a re-writing of the statute.

Second, section 6111(b)(1.1)(v) of the Firearms Act, 18 Pa.C.S. § 6111(b)(1.1)(v), states that section 6111.4 precludes an ownership registry for *long guns.* An ownership registry for long guns would be a *partial* ownership registry. Thus, the statute itself makes clear that section 6111.4 does *not* permit a *partial* ownership registry. The majority does not address the interpretation of section 6111.4 set forth in section 6111(b)(1.1)(v).

4. The majority makes a distinction between a registry of "ownership" and a registry of "sales," acknowledging that the distinction is slight. (Majority op. at 360.) However, section 6111(b)(1.1)(v) of the Firearms Act specifically states that the retention of a "record of sale ... is precluded by 6111.4." Thus, the statute itself makes clear that the record of "sale" is the record of "ownership." As indi-

New International Dictionary 2003 (1993). No further analysis is necessary; the words are clear and free from ambiguity. *See* section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). A database containing records of handgun sales is a "registry of firearm ownership."

I point out that we are at the preliminary objection stage of the proceedings in this case. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208 (Pa.Cmwlth.1995). To me, it does not appear certain that the law will not permit Petitioners to recover under section 6111.4 of the Firearms Act. To the extent there could be any doubt in that regard, I would refuse to sustain the preliminary objection.

Judge PELLEGRINI joins in this Dissenting Opinion.

cated above, the majority does not address the interpretation of section 6111.4 set forth in section 6111(b)(1.1)(v).