# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Rosenberger,                              :
                Petitioner          :
                                    :
         v.                                 :
                                      :
Governor Tom Wolf,                             :
Pennsylvania General Assembly,                 :
Pennsylvania State Police,                     :   No. 283 M.D. 2018
                Respondents         :   Submitted: September 6, 2019

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: November 7, 2019

       Before the Court, in our original jurisdiction, is the Application for Summary Relief (Application) filed by Dana Rosenberger (Petitioner) seeking relief from his lifetime sexual offender registration requirement in Pennsylvania under the Act of February 21, 2018, P.L. 27 (Act 10), 42 Pa.C.S. §§ 9799.10-9799.75, *as amended* by Act of June 12, 2018, P.L. 140 (Act 29) (collectively, Act 10 or SORNA II). For the reasons stated herein, we deny the Application.

       By way of brief statutory background, beginning in 1995, Pennsylvania's General Assembly has enacted a series of statutes and amendments requiring sex offenders living within the Commonwealth to register for varying periods of time with the Pennsylvania State Police (PSP) based on their convictions

for certain sexual offenses. The General Assembly enacted the first of these statutes, commonly known as Megan's Law I, *former* 42 Pa.C.S. §§ 9791-9799.6, in 1995, followed five years later, in 2000, by what is commonly known as Megan's Law II, *former* 42 Pa.C.S. §§ 9791-9799.7. In 2004, the General Assembly enacted what is commonly known as Megan's Law III, *former* 42 Pa.C.S. §§ 9791-9799.9, which remained in effect until the enactment of the Sexual Offender Registration and Notification Act (SORNA I), 42 Pa.C.S. §§ 9799.10-9799.41, in 2012. On July 19, 2017, the Pennsylvania Supreme Court handed down the decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), which held that SORNA I violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions by increasing registration obligations on certain sex offender registrants. Thereafter, in 2018, to clarify that sex offender registration provisions were not *ex post facto* punishment, the General Assembly enacted SORNA II.

Petitioner was convicted of indecent assault of a person less than 13 years of age,[1] graded as a misdemeanor of the first degree, in 2001. In 2010, Petitioner was again convicted of indecent assault of a person less than 13 years of age, this time graded as a felony in the third degree. Under the recidivist provision of Megan's Law III, *former* 42 Pa.C.S. § 9795.1(b)(1),[2] Petitioner became a lifetime sexual offender registrant upon conviction for his second indecent assault of a person less than 13 years of age. Petitioner acknowledged this registration requirement as a part of the plea bargain in the 2010 prosecution. *See* Order of Court of Common

---

[1] 18 Pa.C.S. § 3126(a)(7).

[2] Megan's Law III required lifetime registration for individuals with two or more convictions for a set of enumerated offenses, which offenses included 18 Pa.C.S. § 3126 (relating to indecent assault). *See former* 42 Pa.C.S. § 9795.1(b)(1) (effective Dec. 8, 2008 through Dec. 19, 2011).

2

Pleas of Washington County, Docket CP-63-0001432-2009, dated February 5, 2010, at 2 (pagination supplied).

On April 16, 2018, Petitioner filed a Petition for Review with this Court. On April 11, 2019, Petitioner filed the instant Application.[3] In his brief, Petitioner alleges that SORNA II is an unconstitutional *ex post facto* law that is unconstitutional and punitive as applied to him. *See* Petitioner's Brief at v & 1-8. We disagree.

In *Bill v. Noonan* (Pa. Cmwlth., No. 437 M.D. 2017, filed May 16, 2019),[4] this Court addressed the issues here raised by Petitioner in overruling an as-applied constitutional challenge to SORNA I in the analogous situation of an individual required to register for life by virtue of his status as a sexually violent predator (SVP). In *Bill*, this Court noted that the rationale in *Muniz* is inapplicable in situations where SORNA I did not result in an increase of sexual offender registration obligations. *See id.*, slip op. at 11. *Bill* involved an individual who was continuously subject to lifetime registration requirements since his conviction by virtue of having been classified as an SVP. *Id.* This Court noted that because SORNA I did not increase the registration obligations of sexually violent predators

---

[3] An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute. Pa.R.A.P. 1532(b); *Jubelirer v. Rendell*, 953 A.2d 514 (Pa. 2008); *Eleven Eleven Pa., LLC v. Commonwealth*, 169 A.3d 141 (Pa. Cmwlth. 2017). When ruling on an application for summary relief, this Court "view[s] the evidence of record in the light most favorable to the non-moving party and enter[s] judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Eleven Eleven*, 169 A.3d at 145 (internal quotation marks omitted).

[4] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

– they remained lifetime registrants from Megan's Law III to SORNA I – SORNA I was not an *ex post facto* law as applied. *Id.* We explained:

> This Court has repeatedly determined that SORNA I is not an unconstitutional *ex post facto* law as applied, to the extent it *merely continues the same registration requirement already in place under the law*.

*Id.* (emphasis added; internal citation omitted). The Court continued and expanded its determination, stating that neither SORNA I nor SORNA II constitutes an impermissible *ex post facto* law as applied where an individual remains subject to the same registration requirements. *Id.* at 11-12.

As with the SVP-classified petitioner in *Bill*, neither SORNA I nor SORNA II increased Petitioner's sexual offender registration requirements in the instant matter. Petitioner was subject to lifetime sexual offender registration under Megan's Law III upon his second conviction for indecent assault of a person less than 13 years of age, *see former* 42 Pa.C.S. § 9795.1(b)(1). Therefore, neither SORNA I nor SORNA II increased Petitioner's registration requirements. As such, the *Muniz* rationale does not apply and SORNA II does not constitute an impermissible *ex post facto* law as applied to Petitioner. *See Bill*; *see also Marshall v. Pa. State Police* (Pa. Cmwlth., No. 552 M.D. 2017, filed July 18, 2018), slip op. at 8-9 (holding that a petitioner seeking relief from Act 10's sexual registration requirements under *Muniz* is afforded no relief because no *ex post facto* violation exists where the petitioner experienced no increased registration requirements).

For the above reasons, Petitioner has failed to demonstrate a clear right to the judgment he seeks in the Application. Accordingly, we deny the Application.[5]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[5] We note that PSP correctly points out in its brief that Governor Wolf is not a proper party to the instant litigation. *See* PSP's Brief at 8-9. In statutory challenges, the party that has the power or duty with respect to a statute's enforcement is the proper party. *Allegheny Sportsmen's League v. Ridge*, 790 A.2d 350, 355 (Pa. Cmwlth. 2002), *aff'd sub nom. Allegheny Cty. Sportsmen's League v. Rendell*, 860 A.2d 10 (Pa. 2004). As our Supreme Court has explained, "PSP has enforcement authority with regard to the requirements of SORNA . . . [and] is an appropriate defendant relative to a cause of action which would result in a directive that the individual's registration period be reduced or eliminated." *Konyk v. Pa. State Police of Commonwealth of Pa.*, 183 A.3d 981, 987 (Pa. 2018). Governor Wolf, on the other hand, is not charged with SORNA's enforcement and, thus, is an improper party to the instant litigation.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Rosenberger, : 
               Petitioner : 
                : 
        v. : 
                : 
Governor Tom Wolf, : 
Pennsylvania General Assembly, : 
Pennsylvania State Police, :   No. 283 M.D. 2018
            Respondents : 

## O R D E R

AND NOW, this 7th day of November, 2019, the April 11, 2019 Application for Summary Relief filed by Petitioner Dana Rosenberger is DENIED.

_____
CHRISTINE FIZZANO CANNON, Judge